UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| VERNON AUTREY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 05-286-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SUZANNE R. HASTINGS, | ) | **AND ORDER** |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner Vernon Autrey's motion to proceed *in forma pauperis*. ("IFP") [Record No. 47] and motion for release [Record No. 49]. Because the Court finds that an appeal would not be taken in good faith, the Petitioner's motion to proceed *in forma pauperis* will be denied. Similarly, the Petitioner has failed to demonstrate any reason why he should be released pending appeal. Therefore, his motion for release will be denied.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 24 governs motions to proceed *in forma pauperis* on appeal. A party who desires to appeal from a district court action must file a motion in the district court. Fed. Rules App. Pro. 24(a)(1) The party seeking to proceed IFP must attach an affidavit which shows the party's inability to pay, claims an entitlement to redress, and states the issues that the party intends to present on appeal. *Id*. If the Court grants the motion, the party may proceed on appeal without prepaying fees and costs, unless a statute provides otherwise.

**ANALYSIS**

**A.      Motion to Proceed *in forma pauperis* on appeal**

Federal Rule of Appellate Procedure 24(a)(3) provides that:

> a party who was permitted to proceed *in forma pauperis* in the district-court
> action. . . may proceed on appeal *in forma pauperis* without further authorization,
> unless [] the district court – before or after the notice of appeal is filed – certifies
> that the appeal is not taken in good faith or finds that the party is not otherwise
> entitled to proceed in forma pauperis and states in writing its reasons for the
> certification or finding.

Also know as "prior approval", this rule requires that where a plaintiff was allowed to proceed

IFP in the district court, the presumption is that they be allowed to proceed IFP on appeal.

However, the rule is silent on what standard the district court should apply, on appeal, to

determine IFP status where plaintiff was able to pay filing fees in their original action.

Fortunately, 28 U.S.C. §1915(a)(3) sets out the necessary standard.  "An appeal may not

be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

"Determining what constitutes 'good faith' need not involve a subjective inquiry into the

appellant's intent.  'Good faith' may be demonstrated by the presentation for 'appellate review

of any issue not frivolous.' *Coppedge v. United States*, 369 U.S. 438 (1962).  Interpreting this

standard, the Fourth Circuit cautioned that a lack of 'good faith' is not shown by the mere fact

"that the appeal lacks merit, but that the issues raised are so frivolous that the appeal would be

dismissed in the case of a non-indigent litigant."  *Liles v. South Carolina Dept. of Corrections*,

414 F.2d 612 (4th Cir. 1969).

Here, the Petitioner was convicted in Superior Court in the District of Columbia of a

number of violent offenses, including assault with intent to kill and aggravated assault while

armed.  Following an unsuccessful direct appeal to the District of Columbia Court of Appeals, the Petitioner collaterally attacked his conviction pursuant to D.C. Code §23-110.  This collateral attack was denied by the trial court and that decision was affirmed on appeal by the D.C. Court of Appeals.

The Petitioner then filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. §2254.  As the Petitioner is currently incarcerated at the United States Penitentiary at Big Sandy, located in Inez, Kentucky, this Court would normally have jurisdiction over his appeal.  However, due to the unique nature and status of the District of Columbia, Congress has established special rules which govern persons convicted in the D.C. courts.

In 1970, Congress passed the District of Columbia Court Reform and Criminal Procedure Act, which provided a remedy "analogous to 28 U.S.C. §2255 for prisoners sentenced in D.C. Superior Court." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042.  Under this provision, codified at D.C. Code §23-110, persons sentenced in D.C. Superior Court must collaterally attack their sentence in D.C. Superior Court, with appeal to lie in the D.C. Court of Appeals.  This remedy is an exclusive one; as the Magistrate Judge's Report and Recommendation recognizes.  Thus, once a prisoner has been denied collateral relief in a D.C. Superior Court proceeding which was "adequate and effective", federal courts are not to entertain an application for writ of habeas corpus.  [Record No. 42, pg. 9], *citing Swain v. Pressley*, 430 U.S. 372, 377 (1977).

Therefore, unlike a state prisoner who may seek collateral relief in both state and federal court, prisoners sentenced in D.C. courts may not seek federal relief once their collateral attack has been denied by the D.C. courts.  *Garris v. Lindsay*, 794 F.2d 722, 725 (D.C. Cir. 1987).  As

the Petitioner has made no showing that his remedy in the D.C. courts was either inadequate nor ineffective, his petition was dismissed for lack of jurisdiction.

The Petitioner's appeal, therefore, presents only a question of law: Does a federal court have jurisdiction to hear collateral attacks on sentences of the District of Columbia Superior Courts once the prisoner's collateral attack in the D.C. courts has been denied?  Every court to consider this question has answered it in the negative.  Based on the weight of authority which is contrary to the Petitioner's position, this Court concludes that his appeal is not taken in good faith.  This is not a subjective statement about the Petitioner's motivation in filing the appeal. Instead, pursuant to the standard in *Coppedge*, it is a judgment that the merits of the appeal are frivolous.  Accordingly the Petitioner's motion to proceed *in forma pauperis* will be denied.

Pro Se petitioner/appellants may appeal this decision denying permission to proceed in forma pauperis to the court of appeals.  Under Federal Rule of Appellate Procedure 24, an appellant who receives a certification that his appeal is not taken in good faith or is otherwise denied permission to proceed on appeal IFP by the district court may file a motion to proceed on appeal IFP with the court of appeals.  Fed.R.App.Pro. 24(a)(5).  This must be done within thirty (30) days from today's date and with supporting documentation.  *Id.*

**B.      Motion for release pursuant to Federal Rule of Appellate Procedure 23**

Following the filing of his Notice of Appeal, the Petitioner also filed a document he describes as "Motion to expeditious Appellate Rule 23(d)."  [Record No. 49]  In this motion, Petitioner appears to be requesting that this Court release him from custody while his appeal is pending with the Sixth Circuit.  Federal Rule of Appellate Procedure 23 governs the custody of

prisoners in a habeas corpus proceeding.  Although the Petitioner cites to subsection (d), subsection (b) provides the rule governing "detention or release pending review of decision not to release".  Fed. R. App. Pro. 23(b).  Rule 23(b) provides:

> While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
>
> > (1) detained in the custody from which release is sought;
> >
> > (2) detained in other appropriate custody; or
> >
> > (3) released on personal recognizance, with or without surety.

The rule authorizes any federal judge considering the petition for habeas corpus the discretion to detain or release the prisoner in question.  However, Rule 23(d) provides that an initial order governing the prisoner's custody remains in effect absent "special reasons".  Thus, it is within this Court's discretion to grant Petitioner's motion for release.  Because the Court has denied the Petitioner's application for a writ of habeas corpus, and because the Petitioner has provided not persuasive argument as to why he should be released pending appeal, the Court will deny his request for relief pursuant to Fed. R. App. Pro. 23.

**CONCLUSION**

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     Petitioner's motion to be released pursuant to Federal Rule of Appellate Procedure 23 is **DENIED**. [Record No. 49]

(1)     The Petitioner is **DENIED** permission to proceed on appeal in forma pauperis. 28 U.S.C. §1915 (a) (3).  [Record No. 47]

-5-

(2)    The Petitioner is granted thirty (30) days from the date of entry of this Order in which either to pay the appellate filing fee to the Clerk of this Court or to move the Sixth Circuit for permission to proceed in forma pauperis, with an affidavit of indigency, as described in Federal Rule of Appellate Procedure 24 (a) (1).

(3)    The Petitioner is hereby on notice that if he does not pay the entire filing fee or submit a motion to proceed on appeal in forma pauperis in the Sixth Circuit, as provided in Federal Rule of Appellate Procedure 24, within the thirty (30)-day period, the appellate court will dismiss the appeal for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601- 609-10 (6th Cir. 1997).

(4)    The Clerk of this Court is directed to forward a copy of this Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This 7th day of June, 2006.

Signed By:

*Danny C. Reeves* DCR

United States District Judge

-6-